■ ROBERT BESWICK et al., Respondents, v EUGENE WEISS, Appellant.—Yesawich, Jr., J. Appeal (1) from an order of the Supreme Court at Special Term (Ford, J.), entered October 25, 1985 in Schenectady County, which granted plaintiffs' motion for summary judgment in lieu of complaint, and (2) from the judgment entered thereon.

This appeal has its origin in defendant's September 26, 1978 promissory note made payable to plaintiffs on January 2, 1979, in the amount of $20,000, together with interest thereon at the rate of 6% per annum. Defendant executed the note as an accommodation to a business associate for whom a trustee had been appointed pursuant to a creditor's agreement. By the terms of the note, defendant waived presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, defaults or enforcement of the note. After execution, defendant allegedly delivered the note to the trustee. Plaintiffs never received the note.

At some point in time, defendant drew a check dated January 2, 1979 to plaintiffs' order in the amount of $20,325.47. That check, however, never came into plaintiffs' possession nor is it established that it ever reached the hands of the trustee. In any event, its negotiability had been destroyed for the signature of the drawer had been torn off the instrument.

After failed efforts to secure payment, including a suit brought in New Hampshire against the primary debtor on the transaction underlying the note, plaintiffs commenced this action for summary judgment in lieu of complaint on January 17, 1983. Defendant admitted owing the obligation sued upon, but denied liability for interest or counsel fees.

Special Term granted plaintiffs partial summary judgment directing defendant to pay the principal on the note, provided that plaintiffs obtained security pursuant to General Business Law § 394-a; during this litigation it had been discovered that the note was lost. After conducting a plenary hearing to determine the extent, if any, of defendant's responsibility for counsel fees and interest, Special Term found defendant had never tendered payment to plaintiffs, and, therefore, was liable for both in the amount of $11,400. This appeal ensued.

Defendant finds fault with Special Term's decision charging him with interest for the entire period in issue, September 26, 1978 to September 26, 1985, in two respects: first, on the ground that interest should have been tolled while plaintiffs pursued their New Hampshire action against the principal debtor; and second, on the premise that defendant was not obliged to pay interest during the period between the time he demanded presentment of the note and, on or about September 1, 1984, when plaintiffs furnished an undertaking for the lost note.

There is insufficient evidence in the record to sustain defendant's contention that plaintiffs repudiated the note by electing to proceed against the original debtor in New Hampshire from 1979 to 1983 when that action was discontinued without prejudice. Suit against either or both defendant and the original debtor being permissible, the doctrine of election of remedies was clearly inapplicable (CPLR 3002 [a]). Moreover, defendant could have relieved himself of "all subsequent liability for interest, costs and attorney's fees" by tendering full payment (UCC 3-604 [1]). Since he did not, he remained liable for interest as it accrued during plaintiffs' suit against the principal debtor and for the counsel fees awarded herein (see, UCC 3-604 [1]). The record does, however, disclose ample basis for Special Term's ruling that defendant was required to pay interest during the period that plaintiffs were unable to produce the lost note and the undertaking was posted.

Presentment of the note having been expressly waived by the very terms of the instrument, presentment was excused (UCC 3-511 [2] [a]). This, coupled with the fact that defendant never tendered payment either to plaintiffs or to the court, vitiates defendant's argument that a party to whom presentment is made may demand that the note be produced before payment is required (UCC 3-505).

Furthermore, by conditioning payment upon plaintiffs' compliance with General Business Law § 394-a (2), Special Term

effectively protected defendant from the risk of double liability should the lost instrument reappear. And since plaintiffs did not have possession of the note, through no fault of their own, nor were they shown to have been dilatory in obtaining the undertaking, it would be palpably unfair to allow defendant who "refused to pay" interest to do so simply because plaintiffs did not acquire the undertaking earlier in the litigation.

Order and judgment affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.